Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
DOMINGO FRIAS, FRANCISCO REYES, and AGUSTIN OLARTE, individually and on behalf of all others similarly situated,

                              Plaintiffs,

    -against-

RESTORATION SPECIALTIES, INC. and TIM O'DONOGHUE, as an individual,

                              Defendants.
-------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiffs, **DOMINGO FRIAS, FRANCISCO REYES and AGUSTIN OLARTE, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

2. Plaintiffs, **DOMINGO FRIAS, FRANCISCO REYES, and AGUSTIN OLARTE, individually and on behalf of all others similarly situated**, through undersigned counsel, bring this action against **RESTORATION SPECIALTIES, INC. and TIM O'DONOGHUE, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at RESTORATION SPECIALTIES, INC., located at 10 S 2nd Avenue, Mount Vernon, New York 10550.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount

1

exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff DOMINGO FRIAS residing at 557 E 169 Street, Bronx, New York 10456, was employed by Defendants at RESTORATION SPECIALTIES, INC. from in or around July 2014 until in or around January 2020.
9. Plaintiff FRANCISCO REYES residing at 116 W 238th Street, Bronx, New York 10463, was employed by Defendants at RESTORATION SPECIALTIES, INC. from in or around August 2018 until in or around July 2020.
10. Plaintiff AGUSTIN OLARTE residing at 212 N High Street, Mount Vernon, New York 10550, was employed by Defendants at RESTORATION SPECIALTIES, INC. from in or around September 2002 until in or around February 2019.
11. Upon information and belief, Defendant, RESTORATION SPECIALTIES, INC., is a corporation organized under the laws of New York with a principal executive office 10 South 2nd Avenue, Mount Vernon, New York 10550.
12. Upon information and belief, Defendant, RESTORATION SPECIALTIES, INC., is a corporation authorized to do business under the laws of New York.
13. Upon information and belief, Defendant TIM O'DONOGHUE owns RESTORATION SPECIALTIES, INC.

14. Upon information and belief, Defendant TIM O'DONOGHUE operates RESTORATION SPECIALTIES, INC.
15. Upon information and belief, Defendant TIM O'DONOGHUE is an agent of RESTORATION SPECIALTIES, INC.
16. Upon information and belief, Defendant TIM O'DONOGHUE has power over personnel decisions at RESTORATION SPECIALTIES, INC.
17. Upon information and belief, Defendant TIM O'DONOGHUE has power over payroll decisions at RESTORATION SPECIALTIES, INC.
18. Defendant TIM O'DONOGHUE has the power to hire and fire employees at RESTORATION SPECIALTIES, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
19. During all relevant times herein, Defendant TIM O'DONOGHUE was Plaintiffs' employer within the meaning of the FLSA and NYLL.
20. On information and belief, RESTORATION SPECIALTIES, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

21. Plaintiff DOMINGO FRIAS was employed by Defendants at RESTORATION SPECIALTIES, INC. from in or around July 2014 until in or around January 2020.
22. During Plaintiff DOMINGO FRIAS'S employment by Defendants at RESTORATION SPECIALTIES, INC., Plaintiff's primary duties were as a general laborer, and performing other miscellaneous duties from in or around August 2014 until in or around January 2020.
23. Plaintiff DOMINGO FRIAS was paid by Defendants approximately $135.00 per day from in or around August 2014 until in or around December 2016, approximately

3

$150.00 per day in or around 2017, and approximately $18.75 per hour from in or around January 2018 until in or around January 2020.

24. Plaintiff DOMINGO FRIAS worked approximately sixty-six (66) hours or more per week for Defendants from in or around August 2014 until in or around January 2020.

25. Although Plaintiff DOMINGO FRIAS worked approximately sixty-six (66) hours per week from in or around August 2014 until in or around January 2020 during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for all hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Plaintiff FRANCISCO REYES was employed by Defendants at RESTORATION SPECIALTIES, INC. from in or around August 2018 until in or around July 2020.

27. During Plaintiff FRANCISCO REYES' employment by Defendants at RESTORATION SPECIALTIES, INC., Plaintiff's primary duties were as a general laborer, and performing other miscellaneous duties from in or around August 2018 until in or around July 2020.

28. Plaintiff FRANCISCO REYES was paid by Defendants approximately $20.00 per hour from in or around August 2018 until in or around July 2020.

29. Plaintiff FRANCISCO REYES worked approximately sixty-six (66) hours or more per week for Defendants from in or around August 2018 until in or around July 2020.

30. Although Plaintiff FRANCISCO REYES worked approximately sixty-six (66) hours per week from in or around August 2018 until in or around July 2020, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

31. Plaintiff AGUSTIN OLARTE was employed by Defendants at RESTORATION SPECIALTIES, INC. from in or around September 2002 until in or around February 2019.

32. During Plaintiff AGUSTIN OLARTE'S employment by Defendants at RESTORATION SPECIALTIES, INC., Plaintiff's primary duties were as a general laborer, and performing other miscellaneous duties from in or around August 2014 until in or around February 2019.

33. Plaintiff AGUSTIN OLARTE was paid by Defendants approximately $150.00 per day from in or around August 2014 until in or around December 2014, and approximately $160.00 per day from in or around January 2017 until in or around February 2019.
34. Plaintiff AGUSTIN OLARTE worked approximately sixty (60) hours or more per week for Defendants from in or around August 2014 until in or around February 2019.
35. Although Plaintiff AGUSTIN OLARTE worked approximately sixty (60) hours or more per week from in or around August 2014 until in or around February 2019, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
36. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
37. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
38. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
40. Collective Class: All persons who are or have been employed by the Defendants as general laborers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols

and plans including willfully failing and refusing to pay required overtime wage compensation.

41. Upon information and belief, Defendants employed between 20 and 30 employees within the past three years subjected to similar payment structures.

42. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

43. Defendants' unlawful conduct has been widespread, repeated, and consistent.

44. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

45. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

46. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

47. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

48. The claims of Plaintiffs are typical of the claims of the putative class.

49. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

50. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

51. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

52. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
53. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
54. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
55. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
56. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
57. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

58. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
59. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
60. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

61. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

62. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
63. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
64. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

65. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
66. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
67. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

### PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs unpaid overtime wages;
   c. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiffs prejudgment and post-judgment interest;

e. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 18 day of August 2020.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

DOMINGO FRIAS, FRANCISCO REYES and AGUSTIN OLARTE, individually and on behalf of all others similarly situated,

                              Plaintiffs,

    -against-

RESTORATION SPECIALTIES, INC., and TIM O'DONOGHUE , as an individual,

                             Defendants.
_____

SUMMONS & CLASS ACTION COMPLAINT
_____

                   HELEN F. DALTON & ASSOCIATES, P.C.
                      Attorneys for Plaintiffs
                      80-02 Kew Gardens Road, Suite 601
                      Kew Gardens, NY 11415
                      Phone (718) 263-9591
                      Fax (718) 263-9598
_____

**TO:**
**RESTORATION SPECIALTIES, INC.**
**10 South 2nd Avenue**
**Mount Vernon, New York 10550**

**TIM O'DONOGHUE**
**35 Brook Farm Lane**
**Bedford, New York 10506**