UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DOMINGO FRIAS, et al.,

                              Plaintiffs,                    **OPINION AND ORDER**

              -against-                                      20-cv-6560 (AEK)

RESTORATION SPECIALTIES, INC, et al.,

                              Defendants.
------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.[1]**

        Plaintiffs Domingo Frias, Francisco Reyes, and Agustin Olarte commenced this action on

August 18, 2020, asserting claims against Defendants Restoration Specialties, Inc. and Tim

O'Donoghue for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law

("NYLL") based on the alleged failure to pay overtime wages, provide wage notices, and provide

wage statements.  ECF No. 1.  Before the Court is the parties' application for approval of a

settlement agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199

(2d Cir. 2015).  ECF No. 35 ("*Cheeks* Letter").  For the reasons that follow, the Court

APPROVES the settlement agreement.

## DISCUSSION

        In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated

dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the

district court or the [United States] Department of Labor."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593,

599 (2d Cir. 2020).  Thus, a district court in this Circuit must review a proposed FLSA

---

[1] The parties have consented to the Court's jurisdiction under 28 U.S.C. § 636(c).  ECF
No. 20.

settlement and determine whether it is fair and reasonable.  *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021).  When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335).  In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted).  "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, No. 14-cv-9063, No. 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement, having presided over multiple settlement conferences in this matter—a process that involved extensive

discussion about the merits of the case with the parties—and having considered the totality of the circumstances, the Court finds that the parties' settlement agreement is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval.  First, the settlement agreement provides for a total settlement payment of $80,000, with $52,942 payable to Plaintiffs ($18,000 to Plaintiff Frias, $11,942 to Plaintiff Reyes, and $23,000 to Plaintiff Olarte) and $27,058 payable to Plaintiffs' counsel as attorneys' fees and costs.  Plaintiffs claim that they would have been entitled to $250,000 in unpaid overtime wages, liquidated damages for unpaid wages, pre-judgment interest, and statutory damages had they prevailed at trial, with different amounts available to each of the Plaintiffs based on the length of their employment with Restoration Specialties, Inc. and the wages they earned at various different periods during their tenures. *Cheeks* Letter at 2.  The aggregate amount payable to Plaintiffs in the proposed settlement constitutes approximately 21 percent of Plaintiffs' total alleged damages and approximately 48 percent of Plaintiffs' total alleged overtime owed.[2]  This percentage of recovery is in line with recovery amounts in other FLSA cases in this District where courts have approved settlement terms. *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff's recovery was "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range.") (collecting cases).

Second, the settlement will enable to parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses.  While the parties have conducted

---

[2] The dollar amounts of the unpaid overtime set forth in the *Cheeks* Letter are further supported by calculations provided by Plaintiffs in an *ex parte* letter submitted to the Court in advance of the first settlement conference and discussed with the Court during that conference.

some discovery to date, the parties had not taken any depositions in this matter or engaged in motion practice, all of which likely would have occurred before trial here.

Third, both parties would have faced significant litigation risks if this case had proceeded to trial. Defendants generally deny Plaintiffs' claims and assert that there is evidence contradicting Plaintiffs' claims regarding their wages and hours worked. *See Cheeks* Letter at 3. Defendants also assert that overall, each Plaintiff was overcompensated rather than undercompensated for his services due to Defendants' particular overtime payment structure. *Id.* It is certainly possible that Plaintiffs' recovery at trial would have been substantially less than the proposed settlement amount. Defendants admit, however, that there were individual pay periods in which Plaintiffs were not paid the correct overtime rate, and they concede that they may not be fully successful establishing all their defenses in the event the litigation were to continue. *Id.* Meanwhile, Plaintiffs acknowledge, among other things, that based on the records provided, Plaintiffs are not likely to succeed on any wage claims after December 2018, which would materially reduce their overall recovery. *See Cheeks* Letter at 2. Because of the anticipated risks and costs involved in pursuing this matter through discovery and trial, settlement is an effective means of resolving the litigation for both parties.

Fourth, the Court presided over the settlement conferences and observed firsthand that the proposed settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, the Court has no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, none of the factors set forth in *Wolinsky* that weigh against approving a settlement exist in this case. This is a case involving individual Plaintiffs—the Court is not aware of other employees who are similarly situated to Plaintiffs, and Plaintiffs will be the only

employees affected by the settlement and dismissal of the lawsuit.  Given that the employment relationship between Plaintiffs and Defendants has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur.  The Court is not aware of a history of FLSA non-compliance by this employer, and the complaint in this matter does not appear to raise novel factual or legal issues that would further the development of law in this area.

The proposed settlement agreement also does not contain any problematic provisions that would preclude court approval.  There are no inappropriate confidentiality or non-disparagement provisions, *see Cortes v. New Creators, Inc*., No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016), and the settlement agreement contains a release that is appropriately limited to the wage-and-hour claims asserted in this action and related claims that could have been asserted, *see, e.g., Illescas v. Four Green Fields LLC*, No. 20-cv-9426 (RA), 2021 WL 1254252, at *1 (S.D.N.Y. Apr. 5, 2021).  *See* ECF No. 35-1 at 2, 3-4.  One clause of the waiver and release paragraph of the proposed settlement agreement could, at first glance, be read as an overbroad release, inasmuch as it describes the Plaintiffs' release as including "claims for alleged violation of any other local, state, or federal law, regulation, ordinance or public policy including the subject matter of the [l]awsuit." *Id.* at 3 ¶ 6.  But this language must be understood in context with the remainder of the waiver and release paragraph, which states that Plaintiffs (and others specified in the proposed agreement) are only releasing Defendants (and others specified in the proposed agreement) from *"any and all wage claims and rights that Plaintiffs may have*." *Id.* (emphasis added).  It is therefore clear that the broad language referencing "any other local, state, or federal law, regulation, ordinance or public policy" only releases claims for alleged violation any law, regulation, ordinance, or public policy pertaining to wage claims and rights.  This reading is also consistent with other language in the proposed settlement agreement, where the

parties state their "desire to fully and finally resolve the [l]awsuit and *any and all other wage claims or disputes . . . ." Id.* at 2 ¶ 3 (emphasis added).

With respect to attorneys' fees and costs, the proposed settlement provides for Plaintiffs' counsel to receive $26,470 in fees—which is one-third of the total settlement amount, net of costs—as well as $588 in costs, for a total of $27,058.  "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Santos*, 2021 WL 431451, at *2 (quotation marks and brackets omitted).  "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this Circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* (quotation marks omitted). Appropriately, Plaintiffs' counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application.  *See Fisher*, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs.").

Applying the lodestar method, Plaintiffs' counsel spent a total of 117.6 hours on this case.  *See* ECF No. 35-3.  Because the Court finds the requested fees to be reasonable, it will not address whether the specific rates charged and number of hours expended on this case, as reflected in Plaintiffs' counsel's billing records, are themselves reasonable.  The proposed attorneys' fee of $26,470 represents approximately 90 percent of the lodestar amount, which is fair and reasonable given the facts and circumstances of this case.  *Gervacio v. ARJ Laundry Servs., Inc.*, No.17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

In addition, Plaintiffs' counsel seeks costs of $588 and has provided payment confirmations and invoices documenting these costs.  *See* ECF No. 35-2.  Counsel in FLSA cases

may be awarded reasonable out-of-pocket expenses that are properly substantiated.  *See, e.g.*, *Cortes*, 2016 WL 3455383, at *6 ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts.  A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient.") (citations omitted).  The Court finds that the request for costs is reasonable, as the costs are sufficiently substantiated and "of the type commonly reimbursed by courts in this District."  *Id.*

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the settlement agreement as filed at ECF No. 35-1 is hereby APPROVED.

Plaintiffs' counsel is to receive $27,058, with $26,470 allocated to attorneys' fees and $588 to costs.  Plaintiffs are to receive the balance, $52,942, with $18,000 payable to Plaintiff Frias, $11,942 payable to Plaintiff Reyes, and $23,000 payable to Plaintiff Olarte in accordance with the schedule set forth in Paragraph 4 of the proposed Settlement Agreement and Release.

The parties are hereby ordered to file an executed copy of the Stipulation of Discontinuance with Prejudice, an unsigned copy of which is attached as Exhibit A to the proposed Settlement Agreement and Release.  The parties may file the Stipulation of Discontinuance with Prejudice in accordance with the schedule agreed to by the parties in Paragraph 8 of the proposed Settlement Agreement and Release. *See* ECF No. 35-1.

In light of the Court's approval of the settlement agreement, it is hereby ordered that this action is dismissed, without prejudice to restoring the action to the Court's calendar provided that the application is made within 45 days of this Order.  Any application to reopen that is filed after 45 days from the date of this Order may be denied solely on that basis.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 35 and close the case.

Dated: October 19, 2021
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge